IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBORAH K. DIMATTEO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No.15-833-SLR |
| | ) |
| PABIAN PROPERTIES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff Deborah K. DiMatteo ("plaintiff") proceeds pro se and has been granted leave to proceed in forma pauperis. She filed this lawsuit on September 18, 2015 as an appeal from an order of the Delaware Justice of the Peace Court 13. (*See* D.I. 2)

2. **Standard of Review.** A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at

2

555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. See Johnson v. City of Shelby, __U.S.__, 135 S.Ct. 346, 347 (2014); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. See Johnson 135 S.Ct. at 346.

6. To determine whether a complaint meets the pleading standard as set forth in Twombly and Iqbal, the Court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted) (citing Iqbal, 556 U.S. at 679; Argueta v. United States Immigration and Customs Enforcement, 643 F.3d 60, 73 (3d Cir. 2011)). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

7. **Discussion**. Plaintiff alleges that her rights were violated because she did not receive a written notice of eviction. On November 11, 2013, defendant initiated eviction against plaintiff in "Court 13." Plaintiff explains that she was in jail at the time, alleges that defendant was aware that she was in jail, and it did not send her a written notice. When plaintiff was released from jail in May 2014, she contacted defendant to see what it did with her personal belongings, and she was harassed. Plaintiff filed a counterclaim in the Justice of the Peace Court on July 24, 2015. It was denied. Plaintiff seeks the return of her personal belongings and costs. She frames this action as an appeal from the Delaware Justice of the Peace Court.

8. **Rooker-Feldman Doctrine**. Federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see Power v. Department of Labor*, 2002 WL 976001 (D. Del. May 3, 2002). The Rooker-Feldman doctrine applies in cases "brought by [a] state-court loser [ ] complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).

9. Plaintiff seeks review of decisions of the Delaware Justice of the Peace Court. Her claims fall under the purview of the Rooker-Feldman doctrine. Allowing plaintiff's claims to proceed against defendant would allow her to use the federal courts to appeal state court judgments and, thus, would run afoul of the Rooker Feldman doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). Thus, to the extent that plaintiff seeks to have this court invalidate orders of the Delaware Justice of the Peace Court, it lacks the jurisdiction to do so.

10. **Younger Abstention Doctrine**. The court does not know the current status of the case in the Justice of the Peace Court. It may be that the case is pending or is on appeal. The abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings, has been extended to civil cases and state administrative proceedings, and applies until all appellate remedies have been exhausted. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975). Three requirements must be met for the application of the Younger

4

doctrine: (1) the existence of an ongoing state proceeding which is judicial in nature; (2) an ongoing state proceeding which implicates important state interests; and (3) an ongoing state proceeding which presents an adequate opportunity to raise constitutional challenges in the state proceeding. *Id.* at 431-432. Additionally, the state proceeding need not be ongoing at the time the federal complaint is before the court as long as the plaintiff had an adequate opportunity to resolve the federal issue in a state proceeding. *Huffman v. Pursue Ltd.,* 420 U.S. at 608.

11. The court is unable to discern if there are ongoing state judicial proceedings. Nonetheless, the State of Delaware has a substantial interest in the fair administration of real estate matters. Notably, State court proceedings provide plaintiff with an adequate opportunity to present any potential federal claims. Based upon the foregoing, to the extent there are ongoing proceedings, under the Younger abstention doctrine, the court must abstain from exercising jurisdiction over plaintiff's claims.

12. **Conclusion.** For the above reasons, the court will dismiss the complaint for want of jurisdiction and will abstain.

_____
UNITED STATES DISTRICT JUDGE

Date: November 4, 2015